WALTER C. ALLEN, Respondent, Appellant, v. FREDRIK HURUM, Appellant, Respondent.

First Department, April 8, 1927.

Sales — action by purchaser of auto chassis to recover counsel fees incurred in defense of action on chattel mortgage — counterclaim for value of chassis on theory of unjust enrichment — complaint dismissed — counterclaim sustained, action severed, and new trial granted as to counterclaim and reply thereto.

In this action by the purchaser of an automobile chassis, to recover counsel fees incurred in defending an action on a chattel mortgage executed by the defendant, the complaint should be dismissed, since it appears affirmatively that the Massachusetts court in which the chattel mortgage claim was tried, found as a fact that there was no chattel mortgage.

A counterclaim by the defendant, in which he seeks to recover from the plaintiff the reasonable value of the chassis on the theory of unjust enrichment, should be sustained, the action should be severed, and a new trial granted as to the counterclaim and the reply thereto, since it appears that the plaintiff has received the chassis, which is admitted in the reply to be worth a stated sum, has never paid any consideration for it, and has refused to proceed with the arrangement described in a written memorandum executed by the parties, or any reasonable modification thereof.

Any offset which the plaintiff may have by reason of the sale of one chassis, under an agreement that he was to receive any excess of the purchase price over the actual net cost, is a question of fact to be determined upon a new trial.

CROSS-APPEALS by the plaintiff, Walter C. Allen, and the defendant, Fredrik Hurum, from a judgment of the Supreme Court,

entered in the office of the clerk of the county of New York on the 14th day of April, 1926, upon the verdict of a jury in favor of the defendant as to the second cause of action, the first cause of action set forth in the complaint and the defendant's counterclaim having theretofore been dismissed by direction of the court.

The plaintiff appeals from so much of said judgment as dismisses the complaint. The defendant appeals from so much thereof as dismisses his counterclaim.

*Harry Bijur* of counsel [*Bijur, Herts & Steinberg*, attorneys], for the plaintiff.

*Joseph Lorenz* of counsel [*Lorenz & Lorenz*, attorneys], for the defendant.

PROSKAUER, J. Plaintiff in his first cause of action sued to recover the value of a Mercedes chassis upon allegations that he purchased it from the defendant, that the defendant breached the warranty of quiet possession by placing a chattel mortgage thereon, and that he was deprived of it by reason of its seizure by the mortgagee. This cause of action he abandons on this appeal for the reason that he has in another forum recovered the value of the chassis. For a second cause of action he seeks to recover his counsel fees incurred in defending the action on the chattel mortgage. Upon this cause of action the jury found a verdict for the defendant. It appears affirmatively that the Massachusetts court in which the chattel mortgage claim was tried, found as a fact that there was no chattel mortgage. The verdict of the jury was, therefore, correct. This disposes of the plaintiff's appeal.

The defendant in his counterclaim seeks to recover from the plaintiff the reasonable value of the chassis on the theory of unjust enrichment. He appeals from the dismissal of his counterclaim.

The parties on May 6, 1921, executed a written memorandum of agreement, which recited that Hurum had an exclusive contract with the Daimler Company for importing Mercedes cars into the United States for three years; that he had deposited $36,000 with the Daimler Company and had purchased from it ten cars; and that to secure Allen's experience (Allen having previously been a representative for the sale of Mercedes cars) he desired to give Allen an interest in the business of selling these cars in the metropolitan district. By the agreement a corporation was to be formed, of the capital stock of which Allen was to receive thirty per cent payable to him " $1\frac{1}{2}\%$ upon the sale of each car sold within three months from the date thereof up to twenty cars;" Allen was also to receive a commission of ten per cent upon the sale of such cars, and the agreement left open for further determination

the question of what commission Allen was to receive on cars sold subsequent to the three months' period. Other matters of importance were by the agreement left open for further negotiation. It was agreed also that Hurum should deliver to Allen a chassis, and "Allen agrees to credit the company against the first commissions that may be earned by him as hereinabove provided an amount equal to the actual net costs of the said chassis to Hurum and the Company." There was evidence that shortly after the execution of this agreement Hurum's counsel prepared a certificate of incorporation and sent it to Allen's counsel; that the latter substantially copied it, substituting, however, the names of themselves and their clerks as incorporators, and filed the certificate as so changed; that they thereupon prepared forms of agreements between Hurum and Allen differing so vitally from the executed memorandum that they entirely changed the nature of the agreement, to Allen's advantage; that they demanded of Hurum that he execute these agreements and refused otherwise to proceed under the plan outlined in Exhibit A; and that meanwhile Allen had possession of the chassis which was delivered pursuant to the terms of the executed memorandum.

The inference which the defendant is entitled to draw on this appeal from this testimony, is that Allen has received the chassis, which is admitted in the reply to be worth $10,500, has never paid any consideration for it, and has refused to proceed with the arrangement described in the written memorandum or any reasonable modification thereof.

If the written memorandum be treated as a contract, Allen breached it by his demand that essential changes be made, and it would follow that Hurum had the right to treat the contract as abandoned and sue for the recovery of the consideration paid by him thereunder, which in this case would be the conceded value of the chassis. If, on the other hand, it should be held that the executed memorandum is too vague and indefinite to be regarded as a contract, then it follows that Allen has received this chassis equally without consideration upon the implied understanding that it would be returned if the agreement were not consummated. In either aspect the defendant is entitled to recover the value of the chassis. On no legal theory can Allen be permitted to appropriate this chassis without any payment whatever. There was evidence that Allen had effected the sale of one chassis substantially at cost, and that there was some special arrangement that he was to receive any excess of the purchase price over the actual net cost. What, if anything, Allen would be permitted to offset by reason of this sale, is a question of fact to be determined upon a new trial.

The judgment so far as appealed from by the plaintiff should be

affirmed, with costs, and the action severed. The judgment so far as appealed from by the defendant should be reversed and a new trial ordered upon the issues created by the counterclaim and reply thereto.

DOWLING, P. J., MERRELL, McAVOY and MARTIN, JJ., concur.

Judgment, so far as appealed from by the plaintiff, affirmed, with costs to the defendant. Judgment so far as appealed from by the defendant reversed, the action severed and a new trial ordered upon the issues created by the counterclaim and the reply thereto.